IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| AIMEE D. PHILLIPS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No. 03-3109-HO |
| | ) | Lead Case |
| | ) | Consolidated Cases |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LITHIA MOTORS, INC., an Oregon corporation; HUTCHINS IMPORTED MOTORS, INC., an Oregon corporation, dba Lithia Toyota of Springfield; LITHIA MOTORS SUPPORT SERVICES, INC.; and FIRST TECHNOLOGY CREDIT UNION, dba Oregon Metro Branch of First Technology Credit Union, fka Oregon Metro Federal Credit Union, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs' counsel, G. Jefferson Campbell, alleges claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. against Lithia Motors, Inc.; Lithia HPI, Inc.; Lithia Medford Hon, Inc.; Lithia Motors Support Services, Inc.; Ford Motor Credit Corporation; Onyx Acceptance Corporation; WFS Financial, Inc.; and VW Credit, Inc. Plaintiffs have already voluntarily

dismissed claims against several other financial institutions in these related cases.

Plaintiffs are customers of various Lithia dealerships. Plaintiffs allege violations of Federal and State RICO statutes, the Oregon Unfair Trade Practices Act, and common law fraud. The basis for the claims is that employees of Lithia allegedly misled lenders with respect to automobile purchases or leases by plaintiffs.

The plaintiffs purchased or leased vehicles from Lithia defendants between July 2000 and April 2001. Plaintiffs allege that Lithia defendants sent altered credit applications to lenders despite allegedly representing to plaintiffs that information related to credit applications would not be altered without the knowledge and consent of the plaintiffs. Plaintiffs allege that defendants submitted false Kelly Blue Book information to lenders despite representations to plaintiffs that defendants would accurately convey information regarding the used vehicles purchased by plaintiffs to lenders.

Plaintiffs also allege that defendants failed to disclose to the plaintiffs that defendants were obtaining kickbacks or a "dealer reserve" upon the financing of the subject vehicles through a retail installment contract or consumer lease.

Plaintiffs allege that the Lithia defendants submitted fraudulent loan and lease applications to the various defendant lending institutions which caused the defendant lenders, to their detriment, to finance vehicles sales and leases that they would not have financed

at all or would have done so under substantially different terms if they had known the true facts concerning the credit worthiness of the plaintiff purchasers/lessees and the true values of the vehicles purchased. Plaintiffs do not allege any fraudulent activity on the part of the lenders themselves or even negligent conduct in extending credit based on the applications from Lithia. Plaintiffs instead seek to impose purely derivative liability on the lenders.

The defendants have responded with motions to dismiss. The Lithia defendants move to dismiss (#79 in case No. 04-3032) asserting failure to state a claim and because the allegations are based on confidential information. Defendant VW Credit, Inc. moves to dismiss (#76 in Case No. 04-3032) asserting that plaintiffs have failed to establish liability against Lithia and thus there can be no derivative liability and in any event derivative liability may not be used to obtain relief for plaintiffs' claims. Defendants Ford Motor Credit, Onyx Acceptance Corporation and WFS Financial similarly move to dismiss (#s 81 and 97 in Case No. 04-3032).

1. Lithia Defendants' Motion to Dismiss

(a) Federal and State RICO Claims

Plaintiffs allege that the Lithia defendants violated sections 1962(b), (c), and (d) of the federal RICO statutes. 18 U.S.C. § 1961 et seq.

To state a claim under (RICO), 18 U.S.C. § 1961 et seq., a plaintiff must allege that he has been injured by "(1) conduct, (2)

of an enterprise, (3) through a pattern, (4) of racketeering activity." Jarvis v. Regan, 833 F.2d 149, 151-52 (9th Cir. 1987). The heightened pleading standard of Fed. R. Civ. P. 9(b) applies to RICO claims. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004). The elements for RICO and Oregon RICO are essentially the same and thus the two statutes are interpreted consistently. See Ahern v. Gaussoin, 611 F.Supp. 1465, 1494 (D.Or. 1985).

### (i.) Section 1962(b) Claim

> It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(b).

In order to state a claim under § 1962(b), a plaintiff must allege that "1) the defendant's activity led to its control or acquisition over a RICO enterprise, and 2) an injury to plaintiff resulting from defendant's control or acquisition of a RICO enterprise." Sebastian Int'l, Inc. v. Russolillo, 186 F.Supp.2d 1055, 1068 (C.D.Cal. 2000). This pleading requirement means that plaintiffs must allege "a specific nexus between the control of the enterprise and the racketeering activity." Sea-Land Serv., Inc. v. Atlantic Pacific Int'l, 57 F.Supp.2d 1048, 1055 (D.Hawai'i 1999).

The Lithia defendants argue that nothing in plaintiffs' complaint or RICO case statement demonstrates defendant acquired or controlled

an interest in an enterprise through the alleged racketeering activity.[1]

Plaintiffs allege that Lithia is a large publically traded corporation which owns and controls a number of subsidiary corporations that operate auto dealerships in Oregon. Plaintiffs further allege that within each wholly owned and operated subsidiary corporations there was maintained a finance and insurance department which was involved in obtaining and financing the sale and lease of the vehicles at issue. Plaintiffs allege that these finance and insurance departments within each Lithia dealership constituted an "enterprise" within the meaning of the RICO statutes. See 18 U.S.C. § 1961(4). Plaintiffs alternatively allege that the parent corporation, Lithia Motors, Inc., and all of its subsidiary corporations, constituted an "enterprise." Plaintiffs allege that Defendant Lithia, through a pattern of racketeering activity acquired and maintained directly or indirectly, an interest in the enterprise. Plaintiffs also allege that the "enterprise" is controlled at various levels of management and operation by the Lithia corporate defendants and that in approximately 20% of the transactions financed through the "enterprise," the alleged fraudulent actions of altering and forging or falsifying information on credit applications, book-out sheets and other documents submitted to lenders occurs. Plaintiffs further allege that Lithia adopted a specific marketing strategy to increase

---

[1] Racketeering activity includes wire and mail fraud (18 U.S.C. § 1961(1)) which are the alleged racketeering activities in plaintiffs' complaint.

5 - ORDER

profits through its finance and insurance department ("enterprise") which profits depended on the predicate acts.

While plaintiffs have alleged racketeering activity conducted by the finance and insurance departments there are no allegations of how the activity led to control or acquisition or even maintenance of the "enterprise." Plaintiffs allege 20% of the transactions financed are conducted fraudulently, but plaintiffs do not explain how acquisition or maintenance of the insurance and finance departments occurred through the pattern of fraudulent activity. There is no alleged nexus, just the occurrences.

Plaintiffs do not even allege how defendants acquired an interest in the finance and insurance department. Indeed, the allegations establish that the departments already existed at the time of the alleged racketeering activity. Further, the allegations can not reasonably be read to demonstrate that the alleged pattern of racketeering has permitted Lithia to maintain control of its own internal finance and insurance departments which differ in any way from how it would control the departments in the absence of the activity. This position of the alleged "enterprise" departments further demonstrates the flaw in plaintiffs section 1962(c) claim (or all of the RICO clams for that matter)-the "enterprise" is not separate from Lithia.[2]

---

[2]Defendants also argue that plaintiffs fail to allege that injuries resulted from defendants' acquisition or control of the enterprise. The harm allegedly only results from the predicate acts themselves-the submission of false information to lenders via the wires and mail. See Lightening Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3rd Cir. 1993) ("a well-pled complaint under (continued...)

### (ii) Section 1962(c) Claim

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). "'[E]nterprise' was meant to refer to a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit." United States v. Computer Sciences Corporation, 689 F.2d 1181, 1182, 1190 (4th Cir. 1982).

The alleged "enterprise" is the finance and insurance departments within defendant Lithia's corporation. Plaintiffs concede that there are some allegations in the complaint and RICO case statement that may lead to the conclusion the entire department or division of the subsidiary dealership corporations is the enterprise, but now argues that there is "within each finance and insurance department at the Lithia subsidiary dealerships a criminal "enterprise" that operates approximately 20% of the sales and lease transactions being processed by these Lithia subsidiary dealerships [which] does not constitute the 'normal affairs' of the defendant corporation." But the pleadings do

---

²(...continued)
section 1962(b), just as with section 1962(a), requires the assertion of an injury independent from that caused by the pattern of racketeering. Here, Lightning Lube alleges in terms of a section 1962(b) injury that the employees of Witco are engaged in a pattern of racketeering.... Such an allegation clearly is insufficient because it merely parrots the same injury that section 1962(c) is meant to remedy and fails to explain what additional injury resulted from the person's interest or control of the enterprise.") Plaintiffs argue the complaint properly pleads a section 1962(b) claim because plaintiffs injuries resulted from the racketeering activities. The section 1962(b) claim fails to allege acquisition or control through racketeering and fails to allege injuries caused by acquisition or control. The briefing demonstrates that an amended pleading cannot solve these deficiencies.

7 - ORDER

not identify this separate group within a group and indeed the pleadings indicate that it is a "marketing strategy" to utilizes the finance and insurance <u>departments</u> to commit fraud and not some mystery subset of the departments.

Plaintiffs' allegation that the finance and insurance departments of the Lithia dealerships is the "enterprise", demonstrates that plaintiffs section 1962(c) claim must fail. Under 18 U.S.C. § 1961(4), an enterprise may consist of a "group of individuals associated in fact although not a legal entity." However, this definition does not affect the separate inquiry into whether the alleged enterprise is distinct from the defendant.

Splitting a corporation into parts such as separating the finance and insurance departments of the Lithia dealerships will not suffice to establish an "enterprise" distinct from the RICO defendant. See e.g., <u>Schnitzer v. Oppenheimer & Co.</u>, 633 F.Supp. 92, 98 (D. Or. 1985) ("Count nine names Oppenheimer's Program as the enterprise and Oppenheimer and its employees as the RICO defendants. Oppenheimer cannot be separate from its own tax arbitrage program."); <u>United States v. Computer Sciences Corporation</u>, 689 F.2d 1181, 1182, 1190 (4th Cir 1982 (alleged enterprise cannot be a division of the defendant RICO corporation); <u>Bodam v. GTE Corp</u>, 197 F.Supp.2d 1225, 1228 (C.D. Cal. 2002) (units within a RICO defendant company cannot be separate enterprise). Thus, even assuming a subpart of the finance department is the alleged enterprise, it is still not separate from

the Lithia corporations. Therefore, this claim (and all RICO claims) must be dismissed with prejudice.

### (iii) Section 1962(d) Claim

18 U.S.C. § 1962(d) prohibits conspiracies to violate sections 1962(a-c). Because the above section 1962(b and c) claims are dismissed, this claim is necessarily dismissed.

### (b) State Law Claims

The defendants also argue that the plaintiffs fail to allege their state law fraud claims with particularity. Plaintiffs argue that they have and that in addition, the UTPA claim is not required to be pleaded with particularity because the statute allows for negligent misrepresentation actions even though they base their claim on fraud. However, because the court has dismissed the federal RICO claims, it declines jurisdiction over the state law claims.

Jurisdiction over the state law claims in this case is based on the federal RICO claims. 28 U.S.C. § 1367(a) provides that district courts shall have "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." The district courts may, however, decline to exercise supplemental jurisdiction over state claims when the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

When the federal claims are dismissed before trial, it is wholly within the district court's discretion to dismiss the state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991). The court has not invested its judicial energies to such an extent that would justify retaining jurisdiction. See Schneider, 938 F.2d at 994; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981). Nor is it apparent that judicial economies would be served by retaining jurisdiction over this case. See Schneider, 938 F.2d at 994. Accordingly, the court declines to exercise its jurisdiction over the remaining state law claims and grant defendants' motion to dismiss.

## 2. VW Credit, Ford Motor Credit and Onyx Acceptance Corp, WFS and Financial's Motions to Dismiss

Plaintiffs essentially allege that Lithia hid the plaintiffs inability to buy or lease automobiles based on their income levels, etc., from various lender defendants and that these lenders relied to their detriment on Lithia's allegedly fraudulent loan and lease applications. Plaintiffs are not alleging any direct involvement on the part of the lenders in the acts of Lithia and only seek to hold the lenders derivatively liable. These defendant financing entities seek to dismiss the claims against them asserting the underlying claims fail against Lithia, derivative liability is not available for violations of RICO and ORICO or the UTPA, and that the FTC Holder Rule does not create an independent cause of action. Because the federal

RICO claims against the Lithia defendants are dismissed, any claims for derivative liability for those claims are dismissed as well. To the extent any state law claims against Lithia may still be viable, the court has declined to exercise jurisdiction over those claims and dismisses all state law claims without reaching the issue of whether the defendant financing institutions may be derivatively liable for those violations.[3]

CONCLUSION

For the reasons stated above, defendants' motions to dismiss (#76, #79, #81, and #97 filed in Case No. 04-3032-HO) are granted and these actions are dismissed.

DATED this 25th day of May, 2005.

Michael R. Hogan
United States District Judge

---

[3]There is no jurisdiction based on the FTC holder rule against this defendants because it does not create a private cause of action. See Vietnam Veterans of America, Inc. v. Guerdon Indus., Inc., 644 F.Supp. 951, 965 (D. Del. 1985) (the Rule does not create rights that a consumer can assert, but rather ensures that available rights are not eliminated).

11 - ORDER